IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-84772 |
| | ) | |
| TIMOTHY RUSSELL ROLLERSON, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 7, 8, 12 |

<u>ORDER</u>

      Hearing was held in Lincoln, Nebraska on November 10, 2005, regarding Filing No. 7, Motion for Turnover and Filing No. 8, Motion for Sanctions, filed by the debtor, and Filing No. 12, Resistance, filed by Great Seneca Financial Corporation.  Ronald A. Hunter appeared for the Debtor and Sara Miller appeared for Great Seneca Financial Corporation.

      The debtor filed this Chapter 13 case on October 12, 2005.  Prior to the bankruptcy case being filed, creditor Great Seneca Financial Corporation obtained a judgment against the debtor in the Sarpy County, Nebraska, District Court.  The judgment was transcribed to the Douglas County, Nebraska, District Court.

      Shortly after the bankruptcy case was filed, the creditor garnished the debtor's wages. The creditor, through counsel, received notice of the bankruptcy filing by virtue of a letter from counsel for the debtor which was received by counsel for the creditor on or about October 19, 2005.  Upon receipt of the notification of the bankruptcy filing, an employee of the law office of the creditor's attorneys contacted the office of counsel for the debtor and stated that the garnishment would not be released until the suggestion of bankruptcy was filed, and funds which had been received through the garnishment would not be delivered to either the debtor or counsel for the debtor but instead would be sent to the Chapter 13 trustee. However, contrary to such statement, counsel for the creditor made a professional statement at the hearing that on October 19, 2005, as soon as she was informed of the bankruptcy filing, she prepared and sent to the appropriate court a release of garnishment. The court, however, did not enter an order terminating the garnishment for several days thereafter.

      Because the garnishment was not immediately terminated, the debtor's wages were garnished two more times and the checks were forwarded to the office of counsel for the creditor. The garnished checks were then sent to the Chapter 13 trustee even though counsel for debtor insisted the checks be delivered to the debtor.

      As of the date of the hearing, November 7, 2005, neither the debtor nor counsel for the debtor had yet received the proceeds of the checks.  Because they were delivered to the Chapter 13 trustee instead of to the debtor or counsel for the debtor, the Chapter 13 trustee is required to delay paying the funds to the debtor until she has been assured that the checks have cleared.

      The debtor has filed a motion for turnover of the checks, or the proceeds thereof, and a motion for sanctions for violation of the automatic stay.  The motion for turnover is moot because the law firm for the creditor has turned over the checks to the trustee and they will eventually be delivered to the debtor.

      The motion for sanctions is granted.  The law in the Eighth Circuit and in every other circuit that has had the issue brought before it is that a creditor with a pre-petition garnishment must, upon

receiving actual notice of a bankruptcy filing, take affirmative action to terminate the garnishment. Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773 (8th Cir. 1989). As articulated by an employee of the law office of the creditor's counsel to an employee of the law office of the debtor's counsel, the policy of the creditor's law firm is to refuse to release a garnishment until a suggestion in bankruptcy is filed, even if the law firm has actual notice of the bankruptcy filing.  It is further the policy of the creditor's law firm to refuse to deliver to the debtor or to debtor's counsel any funds received from a post-petition garnishment.  Instead, the policy is to send the funds to the Chapter 13 trustee.

There is absolutely no legal basis for the creditor's law firm to refuse to release a garnishment upon notification of a bankruptcy filing.  On the other hand, notwithstanding the stated policy of the creditor's law firm to refuse to release a garnishment until receipt of a suggestion in bankruptcy, in this case the firm took the appropriate steps to see that the garnishment was released. The firm cannot be sanctioned for any delay caused in the state court.

However, with regard to the refusal to deliver the garnished funds to the debtor, there is no legal basis for the creditor's law firm to refuse to deliver checks received post-petition from such garnishment to the debtor or counsel for the debtor.  The Chapter 13 trustee has no right to demand that assets of the estate, in any form, be turned over for her administration.  The trustee has the right to receive payments from the debtors pursuant to a proposed plan.  Funds that are taken through garnishment are not payments pursuant to a proposed plan.

It may well be easier for the creditor's law firm to handle checks in the manner its policy suggests, rather than sending the checks to the debtor or counsel for the debtor.  However, that business decision by the law  firm for the creditor simply exacerbates the problems for the debtor and continues a willful violation of the automatic stay.  Keeping the debtor's property from the debtor post-petition violates the automatic stay, 11 U.S.C. § 362(a)(2), and doing so by virtue of an internal policy makes such violation willful and subject to sanction.

Counsel for the debtor is requested to file an affidavit itemizing the time involved in attempting to rectify this situation.  Upon receipt, I will consider it and the affidavit of the debtor concerning the harm the actions of the creditor's law  firm caused him.  I will consider the intentional and improper in-house policy followed by the law firm of the creditor.  I will consider the actual cost to the debtor, through attorney fees.  I will then enter a judgment against the law  firm for willful violation of the automatic stay.  That judgment will not include punitive damages because, although the law firm has been previously sanctioned for refusing to release a garnishment, see In re Sandra Mae Hoyle, Neb. Bkr. 96:701 (Bankr. D. Neb. Nov. 8, 1996) , in this case it attempted to do the right thing concerning the garnishment. In addition, the law firm has not previously been warned by the court that the policy of sending the checks to the trustee is improper.

This is not a final order.

SO ORDERED.

DATED this 17th day of November, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *Ron Hunter          Kathleen Laughlin
   Sara Miller          U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.